*P. B. Thompson, Jr., for appellant.*

---

## G. B. BEATTY *v.* M. WILSON.

[Abstract Kentucky Law Reporter, Vol. 4—827.]

**Power of Executrix to Make Advancements Under a Will.**

Where a widow serving as executrix under her husband's will is given power to make advancements to the children, a codicil to such will providing only that in the event of any of the children dying without children or heirs of their body the estate devised to them should be equally divided between the surviving children and the heirs of those that may die, the power of the executrix to make advances to the children was not destroyed by such codicil, and if it seemed advisable to the chancellor to make them she could sell and convey the real estate, and the title of the grantee is valid.

APPEAL FROM SCOTT CIRCUIT COURT.

March 22, 1883.

OPINION BY JUDGE PRYOR:

The will in this case was executed in 1844 and the codicil attached in the year 1845. In 1855 the writing was admitted to probate and in 1856 the real estate and slaves were sold for purposes of distribution. There was no devise of the estate by the original will to any of the children except to Benton, he was by its provisions to have $1,000 more than the other children. The widow was vested by its provisions with a life estate with the power to make such advancements to the children from time to time as their necessities required. The estate to the children passed by descent and not by devise under the original will, and the codicil provides only that in the event of any of the children dying without children or heirs of their body the estate above devised to them shall be equally divided between the surviving children and the heirs of those that may die in equal shares. The testator lived about ten years after the will was executed, and the sale of the real estate and slaves was made under a

decree of the Scott Circuit Court, to which his widow and children were all parties for purposes of distribution and to enable the widow to make provision for the children by way of advancement as directed by the will. Benton by the will was to get $1,000 more than the other children and this sum was to be paid to him when the executor thought it necessary and proper. It is evident, therefore, that the executrix had authority under the will to pay the $1,000 to Benton and to take such steps as was necessary to enable her to comply with that provision, and equally manifest that the testator did not intend by the codicil to so limit the right of the heirs as to prevent alienation for the purposes of distribution. When the children married, or before, the testator was empowered to assist them in life, and no limitation was placed upon this power either as to the manner or character of the estate out of which the advancements were to be made. The widow, who qualified as executrix, was not willing to make distribution or advance to the children without authority from the chancellor.

It is alleged in that proceeding that at the date of the will the estate was small and that since its execution much of testator's property had been acquired; that it could not be profitably managed by her, and that she was anxious to exercise the power given her by the will to assist the children but she had no means adequate for that purpose. To enable her to execute the will and to aid the children the chancellor decreed a sale of the estate, including the land and slaves, and under that decree the appellant or his vendor purchased and held title. The appellant sold the land to the appellee, and the latter doubting the title resisted the effort to make him pay the purchase-money. The title was good and the appellee should have been required to accept it. The power to make advances to the children was not destroyed by the codicil, and with a considerable estate from which no profits were realized it was highly proper that the chancellor should be called on to determine the manner in which the executrix should make the advancements. This the chancellor could do, and whether more estate was sold than was necessary for that purpose will not be made the subject of inquiry where the rights of the purchaser at the decretal sale are involved. If the chancellor had the jurisdiction to sell and all the parties were before the court who were at that time entitled to share in the distribution the purchaser acquired the title. That they were before the court is an admitted fact.

Besides, from the will before us, the devise by implication must be implied from the codicil as well as the limitation restricting the right of the children. There was no devise by the original will affecting all the children, but their title by the devise is found alone in the codicil. Jarman on Wills, ch. VII, § V, says that the disposition of a will will not be disturbed by an erroneous recital of its contents in a codicil unless a design to revoke or nullify the disposition in the will can be fairly collected from the whole will. The codicil in this case is made to create the devise, when none is found in the will, and in the next place to so modify it as to prevent alienation. This it seems to us is carrying the doctrine of a devise by implication too far, and at least it presents a question of much doubt. We think, however, giving to this will all the force of a devise directly to the children, the chancellor had jurisdiction to order the sale, and if a limitation exists it follows the proceeds and not the property sold.

The judgment is therefore reversed and cause remanded with directions to require the purchaser to accept the title and pay the purchase money.

*Geo. E. Prewett, for appellant.*

*W. S. Darnaby, for appellee.*

[Cited, *Pennsylvania Land Co. v. Justi,* 28 Ky L. 669, 90 S. W. 279.]